**Grady Welton BLACK, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 25661.**

United States Court of Appeals
Fifth Circuit.

Dec. 19, 1968.

Certiorari Denied April 21, 1969.
See 89 S.Ct. 1477.

William F. Walsh, Houston, Tex., for appellant.

James R. Gough, Asst. U. S. Atty., Houston, Tex., Morton L. Susman, U. S. Atty., Houston, Tex., for appellee.

Before BELL and SIMPSON, Circuit Judges, and ROBERTS, District Judge.

PER CURIAM:

The sole contention presented on this appeal from a conviction of violation by a retail druggist of the narcotic laws is that the decision of the U.S. Attorney to prosecute appellant under Title 26, U.S.C. Sec. 4705(a), rather than under Title 26, U.S.C. Sec. 4704(a), unconstitutionally deprived the trial judge of discretion in sentencing. Both appellant and appellee concede that the evidence produced (and the transactions involved) support conviction under either section.

Black was sentenced concurrently to seven years confinement on six counts. Violation of Section 4705(a), the "written order form" section, under which he was prosecuted is punishable under Title 26, U.S.C. Sec. 7237(b) and (d). Section 7237(b) requires the imposition of sentence upon first offenders of imprisonment for not less than five nor more than twenty years and in addition an optional fine of not more than $20,000. Section 7237(d) prohibits suspension of imposition or execution of sentence or the granting of probation to persons sentenced under 7237(b).

Violation of Title 26, U.S.C. Sec. 4704 (a), the "dispensing from original stamped package" statute, is punishable under Title 26, U.S.C. Sec. 7237(a) which provides for imprisonment of not less than two nor more than ten years and in addition an optional fine of not to exceed $20,000 for a first offense. The prohibition against suspension of sentence and probation contained in 7237(d) is made applicable to second and subsequent offenders punished under 7237 (a), but does not apply to first offenders, such as the appellant. If the United States Attorney had proceeded under 4704(a) Black would have been eligible for suspension of sentence or probation.

The argument for reversal largely rests upon the dissent of Mr. Justice Black (concurred in by Mr. Justice Douglas) in Berra v. United States, 351 U.S. 131, at pp. 138–140, 76 S.Ct. 685, 100 L.Ed. 1013. It also draws upon Chief Judge Bazelon's dissent in Hutcherson v. United States, 1965, 120 U.S.App.D.C. 274, 345 F.2d 964, at 972–977.

We decline to be beguiled by an appealing argument into following the minority views in the cases referred to.[1]

Affirmed.

1. In an entirely different connection this Circuit has had occasion to note the wide discretion constitutionally exercised by U. S. Attorneys. See the several opinions of the en banc court in United States v. Cox, 5 Cir. 1965, 342 F.2d 167.