THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN DISCALA, Appellant.

First Department, July 14, 1977

*Roger H. Briton* of counsel (*Surrey, Karasik, Morse & Seham,* attorneys), for appellant.

*Aley Z. Alexander* of counsel (*Mario Merola, District Attorney),* for respondent.

BIRNS, J. In the indictment before us, consisting of one count, defendant is charged with the crime of attempted coercion in the first degree in that:

"The said defendant, on or about the 21st day of April, 1973 did attempt to compel and induce Dr. E. Richard Feinberg,

Director, Bronx Childrens Hospital, Bronx County, to engage in conduct which the latter had a legal right to abstain from engaging in, or to abstain from engaging in conduct in which Dr. Feinberg had a legal right to engage, by instilling in the said Dr. Feinberg *that he, the defendant, would cause physical injury to the said Dr. Feinberg.* Specifically, the said defendant attempted to compel and induce the said Dr. Feinberg to use his influence regarding pending Bronx County indictments." (Emphasis added.)

The minority would reverse the conviction of defendant for the crime of attempted coercion in the first degree for the reason that the court failed, as requested by defense counsel, to submit the crime of attempted coercion in the second degree to the jury as a lesser included crime (CPL 300.50). We disagree with that view and would affirm the conviction.

Although coercion in the first degree (Penal Law, § 135.65, subd 1) and coercion in the second degree by threat instilling in the victim a fear of physical injury (Penal Law, § 135.60, subd 1) are defined in almost identical terms, "there is a guideline differentiating" such coercion in the first degree and such coercion in the second degree *(People v Eboli,* 34 NY2d 281, 288).

The Legislature intended the differentiating feature to be that in the event of coercion by threat instilling in the victim a fear of physical injury, the crime is coercion in the first degree (Penal Law, § 135.65, subd 1), unless the threat lacks heinousness, in which instance the offense is coercion in the second degree *(Eboli, supra,* p 287; Penal Law § 135.60, subd 1).

As the Court of Appeals observed in *(Eboli (supra,* p 287): "[U]nder the related coercion statutes, it is likely that despite the verbal duplication in the lower degree, the drafters and *the Legislature intended that the general rule be that coercion in the first degree, the felony, be charged whenever the method of coercion was to instill a fear of injury to a person or damage to property.* Making the misdemeanor offense 'all-inclusive' is apparently a 'safety-valve' feature included in the event an unusual factual situation should develop where the method of coercion is literally by threat of personal or property injury, but for some reason it lacks the *heinous* quality the Legislature associated with such threats." (Emphasis added.)

There can be no doubt that the threat was heinous in

"giving great offense" (Webster's Int Dictionary, 2d ed) and "was gravely reprehensible" (American Coll Dictionary). Defendant threatened to kill Dr. Feinberg who immediately notified the law enforcement authorities. There is no doubt that we are indeed to be concerned with the words used by defendant in determining whether a threat was heinous. But more importantly, we are concerned with the effect of the threat upon the state of mind of the victim. To what extent, then, did the defendant's words instill a fear in the victim? Dr. Feinberg testified that when the threat to kill was made to him, he became "very frightened". There is no reasonable view of the evidence which in any way would support the conclusion that complainant's fear of being killed was lessened so as to dilute the heinous quality of defendant's threat, nor is there any reasonable view of the evidence to show that defendant did not intend that consequence *(People v Johnson,* 39 NY2d 364; *People v Mussenden,* 308 NY 558; see, also, *People v Vicaretti,* 54 AD2d 236).

We should not consider defendant's further claim that submission of the crime of attempted coercion in the second degree was warranted on the theory that the evidence showed a second threat, to expose Dr. Feinberg's alleged complicity in a check-cashing fraud. This alleged threat is nowhere charged in the indictment. Apparently, the District Attorney chose not to indict defendant for the second threat, which he might have done under the statute defining coercion in the second degree (Penal Law, § 135.60, subds 4, 5).

In any event this threat to expose complicity in a fraudulent scheme could not be considered a lesser included offense embraced in attempted coercion in the first degree as charged in this indictment (CPL 1.20, subd 37). Obviously, a threat to expose complicity in a fraudulent scheme is not· an integral component of a threat to do physical injury.

Accordingly, the judgment of the Supreme Court, Bronx County (EVANS, J.), rendered February 13, 1975, convicting defendant, upon a jury verdict, of attempted coercion in the first degree, and sentencing him to four months' imprisonment, should be affirmed, and the case remitted to the Supreme Court, Bronx County, for further proceedings pursuant to CPL 460.50 (subd 5).

YESAWICH, J. (dissenting). Since the coercive technique

employed was a threat to inflict personal injury, the court erred when it refused to charge attempted coercion in the second degree, a misdemeanor, as a lesser included offense of attempted coercion in the first degree, a felony. As appears from sections 135.60 and 135.65 of the Penal Law, when the coercion charged consists of instilling fear that a person will suffer personal injury or property damage, the elements making up these two degrees of coercion are exactly identical. It was therefore impossible for the defendant to have committed one of these two particular crimes without having committed the other, which is precisely the definition of a "lesser included offense" (CPL 1.20, subd 37).

The verbal duplications of these two statutes notwithstanding, where there is threatened physical injury involved *People v Eboli* (34 NY2d 281) instructs that the prosecutor has the right to elect to proceed by way of a felony charge. While *Eboli* did not address the question of whether a lesser included offense was involved, it intimates the distinction between felony and misdemeanor coercion lies in the wickedness of the threat. Here, in an effort to have indictments against his uncle and Garrido quashed, defendant apparently telephoned Dr. Feinberg, the complaining witness, and threatened to kill him or have him killed. Despite this obviously reprehensible language, the impact it in fact had was a matter for the jury to assess after considering all of the circumstances in the case. In short, we conclude the question of whether the alleged threat lacked the requisite heinousness was for the jury to resolve, and if it so found then a misdemeanor conviction only would have been in order.

Accordingly, we vote to reverse the instant conviction and to remand for a new trial.

KUPFERMAN, J. P., and LANE, J., concur with BIRNS, J.; CAPOZZOLI and YESAWICH, JJ., dissent in an opinion by YESAWICH, J.

Judgment, Supreme Court, Bronx County, rendered on February 13, 1975, affirmed. The case is remitted to the Supreme Court, Bronx County, for further proceedings pursuant to CPL 460.50 (subd 5).