■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ARTHUR RUDDICK, PATRICK RUDDICK and MICHAEL RUDDICK, Respondents. — Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Brennan, J.), dated August 6, 1980, as granted defendants' motions to dismiss an information filed in the Criminal Court of the City of New York, County of Queens, charging defendants with assault in the third degree and menacing, on the grounds that the Grand Jury proceeding was defective and in the furtherance of justice. Order reversed, insofar as appealed from, on the law, motions to dismiss denied, and the information is reinstated, without prejudice to defendants renewing their motions to dismiss in the furtherance of justice in the criminal court. The charges in question arose out of an altercation between the complainant and defendants on September 25, 1979. Each of these protagonists testified before the Grand Jury. The prosecutor permitted the complainant to testify without waiving

immunity, but did not grant the same consideration to any of the defendants. Defendants were informed of the prosecutor's decision to grant immunity to the complainant and consulted with counsel before testifying under waivers of immunity. The Grand Jury directed the prosecutor to file a prosecutor's information charging defendants with assault in the third degree and menacing, both misdemeanors. Thereafter, defendants moved in the Supreme Court, Queens County, to dismiss the information, on the ground that the Grand Jury proceeding was defective, because the prosecutor demonstrated prejudice against defendants when he granted immunity to the complainant. Defendants further contended that dismissal was warranted in the furtherance of justice. The court held that the Grand Jury proceeding was defective, and that dismissal was warranted in the furtherance of justice. CPL 190.70 (subd 3) provides that, when the Grand Jury directs the prosecutor to file an information in a local criminal court, "the court must, unless such direction is insufficient on its face, issue an order approving such direction and ordering the district attorney to file such a prosecutor's information in a designated local criminal court having trial jurisdiction of the offense or offenses in question." Thereafter, defendant may move in the superior court to dismiss the information on the grounds that the evidence before the Grand Jury was not legally sufficient, or that the Grand Jury proceeding resulting in the filing of the prosecutor's information was defective (CPL 170.50, subd 1). In the instant case, the superior court found that the Grand Jury proceeding was defective because the prosecutor permitted the complainant to testify without waiving immunity. That determination was erroneous. The prosecutor, in his discretion, could elect to prosecute defendants and take no action against the complainant (see *People v Eboli*, 34 NY2d 281, 289). Furthermore, the evidence before the Grand Jury was legally sufficient. Therefore, dismissal may not be predicated on those grounds. CPL 170.50 does not authorize the superior court to consider whether dismissal of a prosecutor's information pending in a local criminal court is required in the furtherance of justice. Pursuant to CPL 170.30 (subd 1, par [g]), the local criminal court may dismiss the prosecutor's information in the furtherance of justice, but the superior court is not given that authority. Therefore, the court lacked the power to dismiss on that ground. For those reasons, the order must be reversed insofar as appealed from, and the prosecutor's information reinstated, without prejudice to defendants renewing their motions to dismiss in the furtherance of justice in the criminal court. Damiani, J. P., Gulotta, O'Connor and Thompson, JJ., concur.