OPINION OF THE COURT
Harvey W. Sherman, J.
This motion by defendant seeking an order of this court vacating the previously entered judgment against the defendant is considered pursuant to CPL 440.10 (subd 1, par [a]) and 440.30 and is determined as follows:
The defendant herein was indicted for grand larceny in the second degree (three counts). Offering a false instrument for filing in the first degree (four counts) and four violations of subdivision (b) of section 1145 of the New York State Tax Law. These charges arose out of the defen *132 dant’s operation of a gas station in Suffolk County and his willful filing of false sales tax returns and his failure to turn over to the State the proper amount of sales tax collected during the audit period. On May 3, 1983, the defendant herein entered a plea of guilty to attempted grand larceny in the second degree, a class E felony, before this court, in satisfaction of the entire indictment.
On November 16, 1983, the defendant made restitution of back sales taxes in the amount of $15,000 and was sentenced to a conditional discharge for a period of three years, the condition being that defendant make an additional restitution payment of $47,967.68 in back sales taxes on or before February 17, 1984. On December 1, 1983, the Court of Appeals decided People v Valenza (60 NY2d 363). The defendant herein relies on this case to justify his request pursuant to CPL 440.10 (subd 1, par [a]) to vacate the judgment and dismiss the felony counts of the indictment alleging that this court had no jurisdiction to enter a conviction for attempted grand larceny, second degree.
It is the Attorney-General’s position that the defendant waived any challenge to the applicability of the larceny statute to his sales tax involvement because of his plea of guilty.
A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite in a criminal proceeding (see People v Hall, 48 NY2d 927; People v Case, 42 NY2d 98; People v Harper, 37 NY2d 96; Matter of Michael G., 93 AD2d 836). If the elements of the crime are alleged in the language of the statute (People v Iannone, 45 NY2d 589), or by incorporating the statute by reference (People v Cohen, 52 NY2d 584), any other defect in pleading the facts is nonjurisdictional and waivable.
“These recent decisions involving defendants’ challenges to the sufficiency of a Grand Jury indictment thus reflect a clear movement away from requiring hypertechnical pleadings, where dismissals could cause lengthy representations to Grand Juries; resultant delay could be fatal to the prosecution and substantial justice be denied for want of the proverbial comma. Present policy of New York courts is to sustain the sufficiency of an indictment provided that it pass the rudimentary tests of:
*133 “(1) notification to the defendant of the crime for which he stands indicted and
“(2) specification to the extent of alleging that the defendant committed each and every element of the offense charged.” (People v Lorenzo, 110 Misc 2d 410, 415.)
The issue before this court is not whether the defendant has waived, by his guilty plea, defects in the indictment pursuant to CPL 200.50 or in its failure to provide detailed notice of the offense charged. An indictment will be found jurisdictionally defective if “the acts it accuses defendant of performing simply do not constitute a crime (see People v Case * * *), or if it fails to allege that a defendant committed acts constituting every material element of the crime * * * (see People v McGuire, 5 NY2d 523).” (People v Iannone, supra, at p 600.)
Therefore no person shall be prosecuted except for an offense as it is described by the Legislature and of which fair notice has been provided to the person. In People v Valenza (supra), the Court of Appeals has held that the failure to pay over sales tax could not be prosecuted as larceny. It appears that the defendant in this instant matter, in pleading guilty, is accepting punishment for conduct which does not constitute a crime. Such a result is not permissible under our system of jurisprudence (People v Briggins, 50 NY2d 302; People v Case, supra). Here, the objection to the indictment is not waived by the plea of guilty since the count of the indictment upon which the plea was predicated does not state a crime. Therefore the previously entered judgment must be vacated and the first three counts of the indictment which allege the offense of grand larceny in the second degree must be dismissed.
The defendant also seeks dismissal of the four additional felony counts of offering a false instrument for filing in the first degree, leaving solely the four respective violations of subdivision (b) of section 1145 of the Tax Law. The Attorney-General would limit the impact of the Valenza (supra) decision only to the larceny counts, maintaining that the remaining four felony counts are legally sufficient and remain unaffected by Valenza. The question to be examined is whether, following the Valenza decision, conduct *134 expressly covered in subdivision (b) of section 1145 may be prosecuted under both the Tax Law and the Penal Law.
Analysis begins with the Court of Appeals decision in People v Eboli (34 NY2d 281), which held that the fact that the statute making first degree coercion a felony contained exactly the same elements as required for coercion in the second degree, a misdemeanor, did not violate constitutional guarantees of due process and equal protection. “[W]e have consistently held that overlapping in criminal statutes, and the opportunity for prosecutorial choice they represent, is no bar to prosecution. Unless there is evidence of legislative intent to the contrary (see, e.g., People v. Knatt, 156 N. Y. 302), the existence of a specific statute prohibiting the conduct involved, does not prevent prosecution under a more general statute. (People v. Bergerson, 17 N Y 2d 398, 401; People v. Hines, 284 N. Y. 93, 105.) The same result follows even where the overlap is inherent in the definitions of two offenses. In People v. Lubow (29 N Y 2d 58, 67), it was recognized that the statutory definition of solicitation as a misdemeanor (Penal Law, § 100.05), embraced the elements of the lesser degree, solicitation as a ‘violation’ (Penal Law, § 100.00), and consequently, whenever the higher degree of solicitation was committed, so was the lower. Despite this inherent duplication, and the concomitant opportunity for choice by the District Attorney, prosecution for the higher crime was held permissible (29 N Y 2d, at p. 67; see People v. Bord, 243 N. Y. 595)” (People v Eboli, 34 NY2d 281, 287, supra).
The court found the legislative intention to be one of providing for a “safety-valve” feature when the method of coercion “for some reason * * * lacks the heinous quality the Legislature associated with such threats.” (People v Eboli, 34 NY2d 281, 287, supra.) However, the Eboli decision (supra) only involved conflicting provisions of the Penal Law. This distinction from the instant situation was not lost on the court in Valenza (supra).
“The State argues that the general rule that a prosecution may be maintained under any penal statute proscribing certain conduct, notwithstanding that it overlaps with a more specific statute, should apply to this case (see People v Eboli, 34 NY2d 281; People v Lubow, 29 NY2d 58, 67; *135 People v Bergerson, 17 NY2d 398). Although it is true that when two or more statutes make punishable the same conduct, a prosecutor may generally choose among the statutes when initiating a prosecution, that discretion may be limited by a legislative intention to make a specific statute the exclusive means of punishing particular conduct (see, e.g., People v Costello, 305 NY 63; Hazak, Inc. v Robertson Goetz Bldg. Co., 289 NY 478; People v Bloom, 248 NY 582; People v Knatt, 156 NY 302; People v Hislop, 77 NY 331). On this basis, cases that uphold a prosecutor’s discretion to maintain prosecutions under the more general of two overlapping criminal statutes are readily distinguishable from the case at bar.
“In those cases, the prosecutors chose among general and specific statutes, which were found within the Penal Law or even within the same provision of the Penal Law. The prosecutorial action was sustained because there was deemed to be no mutual exclusivity in the statute’s application and, therefore, 6 “the duty devolves upon the grand jury and the district attorney to determine under which of the applicable sections of the statute an indictment should be found” ’ (People v Florio, 301 NY 46, 53, quoting People v Malavassi, 248 App Div 784, affd 273 NY 460). In the instant case, the Legislature has provided in the Tax Law an integrated scheme of duties on vendors to collect, record, and pay sales tax, and for penalties to be imposed for certain breaches of those duties. The State seeks to maintain a criminal prosecution under a statute outside that integrated scheme under circumstances in which great doubt is cast on whether such power has been vested in the prosecutor.” (People v Valenza, 60 NY2d 363, 371-372, supra.)
The Valenza court (supra) did not settle the question of whether the legislative intent in creating the criminal section of subdivision (b) of section 1145 was to make it the exclusive remedy, thereby precluding prosecution under provisions of the Penal Law. However it is important to note the court’s interpretation of legislative intent and its significance to its determination. The opening paragraph of the opinion states: “In creating the Tax Law, the Legislature provided an integrated statutory regulation that *136 includes a comprehensive scheme of civil and criminal penalties” (supra, p 367).
The People argue that a fair reading of the statute indicates that this particular section was not to be mutually exclusive. Subdivision (b) of section 1145 of the Tax Law sets forth violations of the sales tax article that will constitute criminal acts. This section provides that a vendor who fails to perform any one of a long list of specific acts “shall, in addition to any other penalties herein or elsewhere prescribed, be guilty of a misdemeanor, punishment for which shall be a fine of not more than [$1,000] or imprisonment for not more than one year, or both such fine and imprisonment.” The People argue that the inclusion of the phrase “herein or elsewhere prescribed” specifically allows the use of other appropriate sanctions to pursue penalties outside the Tax Law. The Valenza court (supra) did, if indirectly, address this issue. “In other similar situations, when the Legislature has desired to make the breach of a statutorily imposed duty punishable under the Penal Law, it has done so in an unambiguous manner. For example, article 3-A of the Lien Law imposes on a contractor a fiduciary duty over funds received for the improvement of real property (see Lien Law, §§ 70, 71, 71-a). When a ‘trustee of a trust arising under this article’ misappropriates trust funds, the Legislature has provided that the trustee may be ‘guilty of larceny and punishable as provided in the penal law’ (Lien Law, § 79-a, subd 1; see People v Chesler, 50 NY2d 203).” (People v Valenza, supra, pp 370-371.)
By comparison with the Lien Law example as set out above, the language of subdivision (b) of section 1145 is not so unambiguous. In fact upon careful consideration of the Valenza opinion (supra), which closely examines the structure of various provisions of the Tax Law, it could be concluded that in drafting subdivision (b) of section 1145 the Legislature intended that the above phrase in question refers to civil remedies contained in other provision of the Tax Law, such as subdivision (a) of section 1145, providing for penalties and interest on unpaid sales tax (penalties herein) or section 1141 providing for proceedings to recover unpaid sales taxes (penalties elsewhere provided). These *137 penalties are very substantial, as noted by the Valenza court.* “Subdivision (a) of section 1145 of the Tax Law prescribes civil penalties for ‘[a]ny person failing to file a return or to pay or pay over any [sales] tax to the tax commission’ (Tax Law, § 1145, subd [a], par [1], cl [i]). Such failures by a vendor are subject to a penalty of [5%] of the taxes due with an additional penalty of [1%] levied for every month payment remains outstanding after the first month (id.). Fraudulent failure to pay or pay over sales taxes is also covered by the civil penalties provision, where imposition of a 50% penalty plus interest is authorized (see Tax Law, § 1145, subd [a], par [2]).” (People v Valenza, 60 NY2d 363, 369, supra.)
The court’s reference to “a model of how to ascribe criminality to a failure to pay our taxes” (People v Valenza, 60 NY2d 363, 370, supra), in subdivision (c) of section 695 of the Tax Law, which provides that one “who willfully fails to * * * pay over any withholding tax as required, shall, in addition to other penalties provided by law, be guilty of misdemeanor”, is just a reference to an analogous criminal penalties provision. One can still conclude that the criminality ascribed in the provisions of the Tax Law operates to bar a separate penal prosecution.
Additionally, the People in their brief argue that the two offenses charged contain different elements. “Since section 1145 (b) imposes criminal sanctions on a person who files a ‘wilfully false’ sales tax return, and the Penal Law in section 175.35 elevates the crime to a felony only where that filing is done with the ‘intent to defraud’, the statutes are not in irreconcilable conflict but in perfect harmony with each other. People v. Mc Laughlin, 93 Misc. 2d 985, 986 * * * In such instances a ‘defendant has no constitutional right to elect which of two applicable statutes shall be the basis of his indictment or prosecution.’ People v. Eboli, supra at 289, quoting Hitcherson v. United States, 345 F. 2d 964, 967 (Cir. 1965), cert, den., 382 U.S. 894 (1965).”
This alleged “additional element” in the penal statute of “intent to defraud” compared to the willful (intentional) filing of a false return in the tax statute is little more than *138 a difference in form, not in substance. True, the addition of one or more element to a lesser offense is important in distinguishing overlapping criminal statutes. Verbal duplication can be explained in such circumstances by reviewing the legislative intent in enacting the similar or overlapping offenses or by reading the commentaries. (People v Eboli, supra; coercion statutes, Penal Law, §§ 135.60, 135.65.) If one was seeking differentiation between offering a false instrument for filing in the second degree (Penal Law, § 175.30) and offering a false instrument for filing in the first degree (Penal Law, § 175.35), resort to the Practice Commentaries would be important.
“As with the above treated offense of ‘tampering with public records’ (§§ 175.20,175.25), the culpability inherent in this crime of‘offering a false instrument for filing’ would seem to vary considerably in relation to the intent involved. The comparable former section (§ 2051) took no account of that factor, flatly making the crime a felony so long as it was ‘knowingly’ committed, regardless of the offender’s purpose or the significance of his conduct. Thus, it attached equal culpability to a person who, out of vanity, ‘knowingly’ falsified his age in a license application, and one who corruptly defrauded the state out of huge sums through false documents submitted in connection with a building contract.
“Here again, the revision makes a penalty distinction on the basis of culpability considerations, by means of a degree structure. The basic or second degree offense is satisfied by a knowing commission thereof, and is graded a class A misdemeanor. It is raised to the first degree, a class E felony, when committed ‘with intent to defraud the state or any political subdivision thereof’ (§ 175.35).” (Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 175.30, p 314; emphasis added.)
As the above commentaries suggest, if the opportunity for prosecutorial choice was simply between the two above-mentioned penal sections, the culpability considerations would raise the crime to the first degree, a class E felony. However, in examining the differences between subdivision (b) of section 1145 of the Tax Law and the Penal Law section charged, particularly upon reading of the eight *139 respective counts of the indictment, it becomes apparent that the “additional element” analysis has no application to this situation. The indictment shows that the proof necessary to support each count is identical. In the fourth count, which alleges a violation of the provisions of section 175.35 of the Penal Law, the written instrument, namely, a New York State and local sales and use tax return (Form) ST-100 contained a false statement and false information, “to wit: Gross Sales and Services and Taxable Sales and Services for the period December 1, 1980 to February 28, 1981 reported in an amount less than the true amount”. In the concomitant Tax Law count, it is alleged that the defendants “filed and caused to be filed, made and caused to be made, gave and caused to be given a New York State and Local Sales and Use Tax Return covering the operations * * * for the period December 1, 1980 to February 28, 1981 inclusive, which was wilfully false and which the defendants knew to be false.” The “additional element” of “intent to defraud” is in reality incorporated in the proof of a willful filing of a false return. By necessity the statutes in question, whether expressly provided for or not, do specify a similar requirement of culpable mental state for the commission of the crime alleged. The distinction is more apparent than real.
Additionally, this court notes that the arguments advanced by the People can be found in People v Lyon (82 AD2d 516) and in People v Valenza (108 Misc 2d 86). These decisions have now been rejected and overruled by the Court of Appeals. To the extent that these arguments have been successful in People v Cohen (123 Misc 2d 97), this court must respectfully disagree.
The Valenza decision (supra) represents a complete break from almost all prior judicial interpretations of the legislative intent of the applicable Tax and Penal Law provisions (compare, only, People v Lyon, Supreme Ct, Suffolk County, indictment No. 1482-80, D’Amaro, J.). It can now be argued that upon the authority of Valenza, the Tax Law contains an “integrated” and “comprehensive” scheme of civil and criminal penalties and that prosecution of said sales tax violations must be left to the Tax Law as the exclusive remedy. This court sees such as being the *140 clear and natural result of language that states: “The State seeks to maintain a criminal prosecution under a statute outside that integrated scheme under circumstances in which great doubt is cast on whether such power has been vested in the prosecutor.” (People v Valenza, supra, pp 371-372.) “Defendants point out and the State acknowledges that the Legislature has declined to enact proposed legislation that would enhance the criminal sanctions for conduct that now constitutes a misdemeanor to felony status, and would for the first time include and ascribe as a felony the failure to pay over sales tax (see, e.g., Assembly Intro No. 632-A [1979])” (p 370, n). The Legislature’s consistent failure to adopt an amendment to upgrade the penalties to a felony is a factor to be considered in ascertaining legislative intent although it need not be the determining factor. (See People v Valenza, 108 Misc 2d 86, 90, supra, and the cases cited therein.) Yet it now appears that following the Valenza decision, the Attorney-General should look to this same State Legislature for the relief it seeks in prosecuting those who corruptly deprive the State out of huge sums of revenue by their willful filing of a false sales tax return. Valenza places all on notice that the high court disapproves of the tenuous theories employed and the overreaching attempts to secure the stiffer criminal penalties found in the Penal Law instead of pursuing the comprehensive scheme of civil and lesser criminal penalties found in the Tax Law. Only appropriate action by the Legislature can alleviate the impact of the Valenza ruling. Therefore, it is necessary to dismiss the remaining four felony counts contained in the indictment, i.e., offering a false instrument for filing in the first degree, as a matter of law CPeople v Valenza, supra). It is therefore ordered that the judgment, entered in this court against the defendant is hereby vacated, and declared to be a nullity, and it is further ordered, that counts of the indictment, numbered one through seven, inclusive, are hereby dismissed, as a matter of law, and it is further ordered, that the clerk of the court shall set this matter down for a conference date as to the remaining four counts of the indictment.

 See, also, Penal Law, §§ 60.30, 60.35.