■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT KENDZIA, Appellant. — Judgment unanimously affirmed. Memorandum: Defendants Robert Kendzia and Matthew Peunic, licensed and registered pharmacists employed by defendant MacLeod's Prescription Pharmacy, Inc., were convicted of misbranding a drug (Education Law, § 6811, subd 10). Investigators working undercover for the Medicaid Fraud Control Division of the Office of the Deputy Attorney-General were provided with false Medicaid cards and fictitious prescriptions requiring various brand-name drugs to be dispensed as written. At various times between April and October, 1979, the investigators took the prescriptions to the corporate defendant pharmacy where they were filled with generic substitute drugs in vials containing the brand name label. ¶ We reject defendant's contention that the People's failure to comply with subdivision 1 of section 6825 of the Education Law requires reversal. The section is not applicable because here a chemical analysis was not necessary to determine that the generic drugs actually dispensed were different from the brand-name drugs prescribed. Since the generic drugs did not contain the distinctive markings present on the brand-name drugs for which they were substituted, only a visual analysis was necessary to determine the fact of misbranding. ¶ We also reject defendants' contention that the verdict was against the weight of the evidence because the People failed to establish that the generic drugs were materially different from the brand-name drugs. A material misrepresentation is but one of several factors to be considered by the trier of fact, but only if the alleged misbranding is based upon misleading labeling (see Education Law, § 6802, subd 13). A drug shall be deemed misbranded "[i]f its labeling is false or misleading in any particular" (Education Law, § 6815, subd 2, par a; see, also, Education Law, § 6811, subd 10). Thus, a label can be false or misleading without being both. A drug also shall be deemed misbranded "if it is offered for sale under the name of another drug" (Education Law, § 6815, subd 2, par h, cl [3]). On this record, there is no question that the brand-name labels on the vials purchased by the undercover officers misrepresented the fact that generic drugs were actually contained therein. The evidence must be viewed in the light most favorable to the People, since we must assume from the conviction that the jury credited the People's proof (see *People v Bracey,* 41 NY2d 296, 302). ¶ We have considered the other arguments raised by defendants and find them lacking in merit. (Appeal from judgment of Niagara County Court, Hannigan, J. — misbranding a drug.) Present — Dillon, P. J., Doerr, Boomer, Green and O'Donnell, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW PEUNIC, Appellant. — Judgment unanimously affirmed. Same memorandum as in *People v Kendzia* (103 AD2d 999). (Appeal from judgment of Niagara County Court, Hannigan, J. — misbranding a drug.) Present — Dillon, P. J., Doerr, Boomer, Green and O'Donnell, JJ.