■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MACLEOD's PRESCRIPTION PHARMACY, INC., Appellant. — Judgment unanimously affirmed. Same memorandum as in *People v Kendzia* (103 AD2d 999). (Appeal from judgment of Niagara County Court, Hannigan, J. — misbranding a drug.) Present — Dillon, P. J., Doerr, Boomer, Green and O'Donnell, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANTHONY FRATTO, GUISEPPE FRATTO, MARIO FRATTO, RALPH FRATTO and SALVATORE FRATTO, Respondents. — Order unanimously affirmed. Memorandum: The defendants were indicted for offering a false instrument for filing in the first degree (Penal Law, § 175.35) and evasion of taxes (Tax Law, § 695, subd [a]). The trial court properly dismissed the indictments under section 175.35 of the Penal Law. As a general rule, when two statutes prohibiting criminal conduct overlap, the People have the right to prosecute under either law (*People v Eboli,* 34 NY2d 281; *People v Lubow,* 29 NY2d 58). This right is limited, however, when legislative intent discloses that the specific statute shall be the "exclusive means of punishing [a] particular [act]" (*People v Valenza,* 60 NY2d 363, 371; see, also, *People v Costello,* 305 NY 63). Subdivision (e) of section 695 of the Tax Law states that "[i]f the provisions of this section conflict with those contained in any other law, this section shall control". Section 175.35 of the Penal Law conflicts with subdivision (a) of section 695 in that it provides for different punishment and is governed by a different Statute of Limitations (see CPL 30.10, subd 2, par [b]). Section 175.35 is therefore not available to the prosecution in this instance. (Appeal from order of Ontario County Court, Cicoria, J. — dismiss indictment.) Present — Dillon, P. J., Doerr, Boomer, Green and O'Donnell, JJ.