■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS L. NEAL, JR., Also Known as THOMAS NEAL, JR., Appellant. — Judgment of the County Court, Suffolk County (Sherman, J.), rendered September 19, 1983, affirmed (*People v Pellegrino,* 60 NY2d 636; *People v Harris,* 61 NY2d 9; *People v Santiago,* 100 AD2d 857). Lazer, J. P., Thompson, O'Connor and Niehoff, JJ., concur.

■ THE PEOPLE OF THE STATE OF THE NEW YORK, Appellant, v JOSEPH SALVATO, Respondent. — Appeal by the People from so much of an order of the County Court, Suffolk County (Sherman, J.), dated April 18, 1984, as, upon defendant's motion, (1) vacated a judgment of the same court, rendered November 16, 1983, convicting defendant of attempted grand larceny in the second degree, upon his plea of guilty, and imposing sentence; and (2) dismissed those counts of the indictment which charged defendant with the crime of offering a false instrument for filing in the first degree.

Order reversed insofar as appealed from, on the law, defendant's motion insofar as it sought to vacate the judgment of conviction rendered November 16, 1983, denied, judgment reinstated, and matter remitted to the County Court, Suffolk Court, for further proceedings.

Defendant's argument that his judgment of conviction should be vacated because the larceny count of the indictment upon which his guilty plea was predicated was jurisdictionally defective is without merit (*see, People v Levin,* 57 NY2d 1008, *rearg or reconsideration denied* 58 NY2d 824; *People v Cohen,* 52 NY2d 584; *People v Iannone,* 45 NY2d 589). "The indictment charges the defendant with larceny in the language of the statute and thus cannot be said to be insufficient on its face (*People v Cohen,* 52 NY2d 584). Any issue concerning the proper interpretation or application of the statute was forfeited by the guilty plea" (*People v Levin, supra,* p 1009). Accordingly, it was error to vacate the judgment of conviction, pursuant to CPL 440.10 (1) (a), on the basis that the trial court did not have jurisdiction of the action.

Were we not reinstating the judgment of conviction, we would have reinstated those counts of the indictment charging defendant with the crime of offering a false instrument for filing in the first degree (*see, People v Walsh,* 108 AD2d 464). Weinstein, J. P., Rubin, Lawrence and Kunzeman, JJ., concur. [124 Misc 2d 131.]