■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MUNOZ, Appellant.—Judgment, Supreme Court, New York County (Alfred H. Kleiman, J.), rendered April 3, 1985, convicting defendant of criminal mischief in the third degree and attempted grand larceny in the third degree and sentencing him, as a predicate felon, to concurrent terms of from 1½ to 3 years and 60 days, respectively, unanimously modified, on the law, to vacate the conviction of attempted grand larceny in the third degree and reverse the sentence thereon, reinstate the conviction of attempted grand larceny in the first degree and remand for sentence thereon, and except as thus modified, affirmed.

The trial evidence amply demonstrated that defendant, a self-styled Hispanic civil rights advocate, in an attempt to induce Citibank to give money to several organizations, threatened to wreak one-half million dollars' worth of damage to Citibank's automatic teller machines. On the evening of

June 4, 1984, 31 Citibank 24-hour banking facilities in The Bronx and Manhattan were vandalized, and glue and other unidentified substances poured into the part of the automatic teller machines into which customers insert their cards to activate the machines. The damage was extensive. In all, 68 machines had to be repaired. In 21 of the 27 Manhattan facilities, 1 of defendant's 2 Citibank banking cards was used to enter the facility before the machines were damaged. At one location, defendant's card was used to complete a transaction at an automatic teller machine shortly before it was vandalized. At another, a video camera recorded defendant's entry into the facility just after one of his cards had been used to unlock the door, and moments before the machines inside were damaged. The next day, defendant, while denying responsibility, spoke to a Citibank regional manager and told him that 109 of Citibank's automatic teller machines had been "hit" and glue poured into them. Two days later, defendant told several Citibank executives that he was not asking for anything for himself, only for the "Hispanic community." Otherwise, defendant explained, it "would be extortion." The jury returned a verdict of guilty of the two counts submitted to it, attempted grand larceny in the first degree and criminal mischief in the third degree. The trial court, however, set aside the attempted grand larceny in the first degree conviction and substituted a conviction of attempted grand larceny in the third degree, a misdemeanor, on the ground that defendant's criminal conduct was not sufficiently "heinous" to constitute the former. This was error, since the verdict was plainly supported by legally sufficient evidence.

As the Court of Appeals has specifically recognized, the statutory definitions of grand larceny in the first and third degrees contain duplicative sections with respect to extortion.* *(See, People v Eboli,* 34 NY2d 281.) Larceny committed by extortion involving threats of personal injury or damage to property constitutes grand larceny in both the first and third degrees. Relying on the statutory language, as well as the Practice Commentary, the court in *Eboli* concluded that the legislative intent was that such extortion generally be treated as grand larceny in the first degree. *(Supra,* at 287.) Grand larceny in the third degree is, apparently, a " 'safety-value' feature" *(supra,* at 287), applicable only in the exceptional or

---

* In 1986 the grand larceny statutes were amended. The former offense of grand larceny in the first degree by extortion is now grand larceny in the second degree. It is still a class C felony. Grand larceny in the third degree is now grand larceny in the fourth degree. It is still a class E felony.

unusual case where prosecution for the higher offense would be inappropriate. "[T]he discretion to decide what is an 'exceptional' case warranting prosecution for the lower degree, is entrusted to the prosecutor." *(Supra,* at 288.)* In *People v Discala* (45 NY2d 38, 42-43), the court, relying on *Eboli,* held that where identical criminal conduct was prosecutable as either a felony or a misdemeanor and the defendant is charged with the felony, his request that the misdemeanor be submitted as a lesser included offense should be granted only if a reasonable view of the evidence would support the conclusion that the defendant's conduct was not "heinous". To conclude, in these circumstances, that defendant's conduct was not heinous is to ignore the record completely. His threats were substantial and obviously credible. He caused extensive damage to Citibank and great inconvenience to its customers. His purported motive, even if we were to credit it, is irrelevant. The conduct demonstrated here cannot be condoned in a civilized society. Accordingly, we reinstate the conviction of attempted grand larceny in the first degree and remand for sentencing.

We have examined defendant's contentions of error and find them to be without merit. Concur—Sullivan, J. P., Milonas, Rosenberger and Smith, JJ.