■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL PEREZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Zweibel, J.), rendered August 20, 1987, convicting him of criminal possession of stolen property in the first degree, auto stripping in the second degree, possession of burglar's tools, unauthorized use of a vehicle in the second degree, criminal trespass in the second degree, unlawful imprisonment in the first degree, unlawful imprisonment in the second degree, and coercion in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant challenges the denial of his request for a charge on coercion in the second degree as a lesser included offense of coercion in the first degree.

The defendant testified that he threatened neither the complainant nor her children in any way, but at most, pleaded with her to hide him in her house from the police. Thus, under the defendant's version of facts, no crime occurred. In contrast, the complainant testified that the defendant held complainant's three-month-old child by the feet, and while brandishing a knife, threatened to kill the child if the complainant told the police of the defendant's whereabouts. Under the circumstances, the trial court properly rejected the defendant's request for a charge on the lesser included offense of coercion in the second degree (see, People v Discala, 58 AD2d 302, affd 45 NY2d 38; People v Pereau, 99 AD2d 591, affd 64 NY2d 1055).

The defendant also challenges his sentence of the maximum indeterminate term of 2⅓ to 7 years' imprisonment on his conviction for coercion in the first degree. The facts of this

case do not justify disturbing the sentence imposed *(see, People v Suitte,* 90 AD2d 80). Sullivan, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.