OPINION OF THE COURT
Bentley Kassal, J.
Defendant’s request that the court submit the crime of attempted coercion in the second degree to the jury as a lesser included offense of attempted coercion in the first degree is being granted. The apparent similarity of the statutory language defining these two crimes and the dearth of authority as to the distinction between the two requires that I elucidate the basis for this decision.
APPLICABLE STATUTES
The first count of the indictment charges defendant with the commission of the crime of attempted coercion in the first degree in violation of subdivision 1 of section 135.65 of the Penal Law, a class D felony. (The alleged attempt to commit this crime is irrelevant for purposes of this decision and will be disregarded.) Defendant has made a request that I submit the lesser included crime of coercion in the second degree in violation of subdivision 2 of section 135.60 of the Penal Law, a class A misdemeanor. A close examination of the pertinent provisions of subdivision 1 of section 135.65 and subdivision 2 of section 135.60 of the Penal Law *593 reveals that these sections use the identical language to define the felony of first degree coercion and the misdemeanor of second degree coercion when the criminal conduct charged relates to the fear of damage to property having been instilled in the victim. Thus, resort was made to decisional sources.
CASE LAW
Two relatively recent Court of Appeals decisions discuss the confusion created by this legislative anomaly.
In the first, People v Eboli (34 NY2d 281, 284), the defendant “challenge^] the statute defining coercion as a felony as violative of the constitutional guarantees of due process and equal protection in that exactly the same elements are required for coercion in the second degree, a misdemeanor”. In upholding the prosecutorial discretion present in this situation, as well as the constitutionality of both statutes, the court reasoned as follows (p 287): “it is likely that despite the verbal duplication in the lower degree, the drafters and the Legislature intended that the general rule be that coercion in the first degree, the felony, be charged whenever the method of coercion was to instill a fear of injury to a person or damage to property. Making the misdemeanor offense ‘all inclusive’ is apparently a ‘safety-valve’ feature included in the event an unusual factual situation should develop where the method of coercion is literally by threat of personal or property injury, but for some reason it lacks the heinous quality the Legislature associated with such threats.” (Emphasis added.)
In People v Discala (45 NY2d 38), the second decision on point, Chief Judge Cooke, writing for a unanimous Court of Appeals, affirmed the trial court’s refusal to charge the lesser included offense of attempted coercion in the second degree. Discala is factually distinguishable from the present case, since it involved a threat to kill or have someone killed, as opposed to a threat to damage property. Nevertheless, this decision is valuable for the guidance it provides for the proper interpretation to be accorded the coercion statutes in issue. The Discala court initially noted that (p 41): “In deciding whether to submit a lesser included offense to the jury, * * * the focus is on whether *594 there is some reasonable basis in the evidence for finding the accused innocent of the higher crime, and yet guilty of the lower one”.
After citing the quoted “ ‘safety-valve’ feature” language from Eboli (supra) with approval, the court held (p 43): “that there was no error here in refusing to submit to the jury the lesser included offense of attempted second degree coercion. That charge should be reserved for the ‘unusual factual situation’, not presented by the evidence here, where, the method of coercion is by threat of personal physical injury which for some reason lacks a heinous quality.” (Emphasis added.)
Research has uncovered only one appellate decision in which both Eboli (supra) and Discala (supra) are relied upon. In People v Hertz (77 AD2d 885, 886), which also involved threats to kill a person, the court held that “the trial court, under the circumstances, committed reversible error in refusing defendant’s request to submit the crime of coercion in the second degree to the jury as a lesser included offense.”
This conclusion was based upon the court’s determination (p 887) that “the heinous intent behind the threats is questionable” so that “These circumstances, viewed in a light most favorable to defendant, could lead a reasonable jury to conclude that the coercion: practiced had been of a nonheinous [sic] nature. The trial court, therefore, was obligated to submit the lesser included offense to the jury as requested.” (Emphasis added.)
defendant’s request to charge
Based upon those authorities, I am granting defendant’s request to charge coercion in the second degree, as a lesser included offense under the indictment count alleging commission of first degree coercion involving threats to damage property. I do so based upon my finding that there is a reasonable basis in the evidence for the jury to conclude that defendant was only guilty of the lesser of these two crimes. In so charging the jury, I intend to instruct them in the following manner concerning the “heinous” nature of the alleged threats: That the defendant’s threat to damage property was of a heinous nature. The word “heinous”, as *595 used here, according to Webster’s Dictionary means “extremely wicked” or “shockingly evil”. In this regard, I charge you that in the usual case involving a threat to cause property damage, such threats should be viewed by you as being heinous. It is only in the unusual or rare case that such threats do not rise to the degree or level of being heinous.