■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO MARRERO, Appellant.—Judgment, Supreme Court, New York County (Albert Williams, J., on suppression motion; Daniel FitzGerald, J., at *Huntley/Dunaway* hearing; and Herbert Adlerberg, J., at trial), rendered June 21, 1989, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him to a 4-month intermittent prison term and to 5 years probation, unanimously affirmed.

The trial court properly denied the request to submit the lesser included offense of criminal possession of a weapon in the fourth degree because no reasonable view of the evidence could establish that defendant possessed a pistol that was not loaded *(see, People v Glover,* 57 NY2d 61, 63). The loaded ammunition clip and pistol were both recovered under a parked van, where the police officer had seen defendant toss the weapon; the ballistics expert testified that the clip fit the pistol and that the clip could readily have been ejected when the weapon was thrown to the ground. Defendant is forced " 'to resort to sheer speculation' " and thus, there is no basis for submitting the lesser included offense *(People v Discala,* 45 NY2d 38, 43).

The request for a *Mapp* hearing was properly denied be-

cause the defense offered only conclusory statements in its motion papers that defendant was not engaged in illegal conduct and that the police had no probable cause to arrest him (CPL 710.60 [1]). Moreover, the testimony provided at the *Huntley* hearing added nothing to controvert the conclusion that defendant had abandoned the weapon upon seeing the police officer. Concur—Sullivan, J. P., Wallach, Kupferman and Kassal, JJ.