■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL ADAMS, Appellant. [855 NYS2d 481]—

Judgment, Supreme Court, Bronx County (Barbara F. Newman, J., at hearing; Joseph Fisch, J., at jury trial and sentence), rendered December 4, 2003, convicting defendant of attempted coercion in the first degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

Defendant failed to preserve his claim that his conviction of attempted coercion in the first degree violated the principles of *Apprendi v New Jersey* (530 US 466 [2000]), or his claim that the first-degree coercion statute (Penal Law § 135.65 [1]) is unconstitutional because it purportedly contains a mandatory presumption of "heinousness" (*see People v Iannelli*, 69 NY2d 684 [1986], *cert denied* 482 US 914 [1987]), and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. When coercion is predicated on a threat of physical injury or property damage, "it is an anomaly of our statutes that the language used to define the felony of coercion in the first degree (Penal Law, § 135.65) is virtually identical to that employed to describe the misdemeanor of coercion in the second degree (Penal Law, § 135.60)." (*People v Discala*, 45 NY2d 38, 41 [1978].) "Making the misdemeanor offense 'all-inclusive' is apparently a 'safety-valve' feature included in the event an unusual factual situation should develop where the method of coercion is literally by threat of personal or property injury, but for some reason it lacks the heinous quality the Legislature associated with such threats." (*People v Eboli*, 34 NY2d 281, 287 [1974].) "Heinous quality" is not an element of the higher degree of coercion. On the contrary, in the situation of coercion by threat of injury to person or property, the elements of the two degrees are the same, and "the discretion to decide what is an 'exceptional' case warranting prosecution for the lower degree, is entrusted to the prosecutor." (*Id.* at 288.) There was no *Apprendi* violation because the court did not increase the penalty for the crime of which defendant had been convicted based upon facts not found by the jury. Furthermore, the court did not instruct the jury that "heinousness" is presumed (*compare Sandstrom v Montana*, 442 US 510 [1979]), and the first-degree coercion statute does not shift the burden of proving any element of the crime to the defendant

(*compare Mullaney v Wilbur*, 421 US 684 [1975]). In explaining to the jury the elements of first-degree coercion or attempted coercion, the court never mentioned "heinousness," nor was it required to do so.

Defendant's argument that the trial court improperly denied his request to have coercion in the second degree charged as a lesser included offense of coercion in the first degree is moot since he was acquitted of the first-degree coercion charges and convicted only of attempted first-degree coercion. Defendant improperly claims for the first time in his reply brief that the trial court should have charged *attempted* coercion in the second degree as a lesser included offense of attempted coercion in the first degree. In any event, his argument is unpreserved since he neither requested such a charge nor objected to the charge given, and we decline to review it in the interests of justice. As an alternative holding, we also reject it on the merits. Even when viewed in the light most favorable to defendant, there is no reasonable view of the evidence which would support a finding that defendant committed the lesser offense but not the greater (*see Discala*, 45 NY2d at 41).

We have considered and rejected defendant's pro se claims. Concur—Lippman, P.J., Tom, Williams and Acosta, JJ.