OPINION OF THE COURT
Robert B. Wiggins, J.
Defendant, John J. Fleming, stands convicted, after a jury trial, of one count each of predatory sexual assault against a child (Penal Law § 130.96), and sexual abuse in the second degree (Penal Law § 130.60 [2]). Defendant has moved pursuant to CPL 330.30 to set aside that portion of the verdict convicting defendant of predatory sexual assault against a child.
CPL 330.30 (1) permits a defendant to move, after a verdict, but prior to sentencing, to set aside or modify a verdict on “[a]ny ground appearing in the record which, if raised upon an appeal from a prospective judgment of conviction, would require a reversal or modification of the judgment as a matter of law by an appellate court.” The “as a matter of law” requirement means that the court may not overturn a conviction based upon the weight of the evidence, or utilize interest of justice review; all issues raised in a CPL 330.30 motion must have been properly preserved at trial (People v Carter, 63 NY2d 530, 536 [1984]). Thus, the scope of review under CPL 330.30 is much more limited than review by the Appellate Division, which may reverse a conviction based not only on the law, but the facts as well.
Defendant’s Contentions
Point I: Legal Sufficiency of the Evidence
Defendant first argues that the People “Failed to Establish Beyond A Reasonable Doubt” that the sexual conduct at issue occurred after he turned 18, which is a necessary element of the predatory sexual assault charge. The People contend that this issue is a factual one, not amenable to resolution under CPL 330.30, which addresses only issues of law. This is a puzzling response, since defendant’s reference to the “beyond a legal doubt” standard makes clear that he is challenging not the weight, but the sufficiency of the evidence, and legal sufficiency is clearly a legal issue which is properly raised on a motion under CPL 330.30 (see e.g. People v Danielson, 9 NY3d *453 342, 348 [2007]). Nevertheless, the court must deny this branch of defendant’s motion. “ ‘Legally sufficient evidence’ means competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant’s commission thereof” (CPL 70.10 [1]). In assessing the sufficiency of the proof on a motion under CPL 330.30, “every reasonable inference must be drawn in the People’s favor” (People v Floyd, 176 AD2d 554, 555 [1st Dept 1991]). It is uncontroverted that defendant did not turn 18 until June 2013. In his own statement defendant, while downplaying the sexual contact, stated that he engaged in sexual contact with the victim in July and August of 2013 — which was after his 18th birthday in June 2013. While the victim testified that the contact occurred during the school year, without referencing specifically which school year, the reasonable inference from the context of her testimony was that she was referring to the 2013-2014 school year — even later than defendant said in his statement. This court is not authorized to weigh this evidence, but, rather, may consider only its legal sufficiency, and, on that basis, the court must uphold the conviction as legally sufficient.
Points II, III and IV: Court’s Rulings on Predatory Sexual Assault vs. Criminal Sexual Act in the First Degree
As charged in this case, the class A-II felony predatory sexual assault against a child charge (Penal Law § 130.96) contained the identical elements to the class B felony criminal sexual act in the first degree charge (Penal Law § 130.50 [4]). Defendant raises a number of issues based upon this unfortunate anomaly in the statutory scheme, including that: (1) the evidence was not sufficiently “egregious” to support a conviction for predatory sexual assault as opposed to criminal sexual act; (2) the court should have dismissed the predatory sexual assault charge because the prosecutor overcharged the matter, given the lack of egregious conduct; and (3) the court’s response to a jury note regarding the difference between the predatory sexual assault charge and the criminal sexual act charge was insufficient. Discussion of all of these issues requires some background with respect to the problems created when different penal statutes cover the exact same conduct.
The predatory sexual assault statute was enacted by chapter 107 of the Laws of 2006. The statute totally overlaps the elements of other preexisting B-level sex offenses. It essentially takes the crimes of first degree rape, criminal sexual act, course of sexual conduct against a child and (in most cases) ag *454 gravated sexual abuse in the first degree, and raises them all from B felonies to A-II felonies, when committed against children. As the Practice Commentary says:
“The definitions of first-degree ‘rape,’ ‘criminal sexual act,’ and ‘course of sexual conduct against a child’ include the commission of such crimes against a child less than 13 years old when the actor is 18 years old or more [Penal Law § 130.35(4) (‘rape’); Penal Law § 130.50(4) (‘criminal sexual act’); Penal Law § 130.80(l)(b) (‘course of sexual conduct against a child in the second degree’)]. ‘Aggravated sexual abuse in the first degree’ includes a prohibition of such conduct against a person who is less than eleven years old [Penal Law § 130.70(l)(c)]. Thus, the effect of the addition of the crime of ‘predatory sexual assault against a child’ was to upgrade the classification of those four crimes from a class B to a class A-II felony when the victim is a child less than 13 years old and the actor is 18 years old or more” (William C. Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 130.00 at 82 [emphasis supplied]).
If the legislative intent was to upgrade the classification of these four crimes in every case, however, why, then, did the legislature leave the B felony statutes in place? Why did the legislature not simply upgrade those offenses to A-II felonies, or repeal those sections of the B felony statutes that overlapped with the newly added crime of predatory sexual assault against a child? The legislative history sheds little, if any, light.
Chapter 107 of the Laws of 2006 added the crimes of predatory sexual assault, and predatory sexual assault against a child. With respect to the latter, the Assembly Memorandum in Support indicates that the bill
“increases from a class B felony to a class A-II felony, with a required life sentence and minimum term of at least ten and up to twenty-five years in prison, commission of a class B felony sex offense by a person more than eighteen years of age against a child less than thirteen years of age” (Bill Jacket, L 2006, ch 107 at 3, 2006 McKinney’s Sessions Laws of NY at 1602).
As “Justification,” the Assembly Memorandum cites recent efforts to strengthen sex offender penalties, including the Sex Offender Registration Act and the Sexual Assault Reform Act *455 of 2000, and goes on to say that “[d] espite this latticework of tough penalties, mandatory registration and ongoing monitoring of sex offenders, more needs to be done. This bill, by providing life maximum sentences for first time offenders who commit egregious acts of sexual assault, would increase penalties to further deter and punish these heinous crimes” (Bill Jacket, L 2006, ch 107 at 4, 2006 McKinney’s Sessions Laws of NY at 1603).
Defendant urges that the language concerning “egregious acts of sexual assault” means that only particularly heinous acts meeting the strict statutory definition were meant to be punished under the new predatory sexual assault against a child statute; less than egregious examples — presumably most such crimes — would continue to be prosecuted as B felonies. That reading is at the very least, in the court’s view, strained. The legislative intent seems clearly to have been to increase penalties for these crimes most, if not all, of the time — the documents repeatedly refer to the effort to “increase penalties” for these crimes. But the history is completely silent as to the reason the legislature determined to leave the B felonies, that it was purportedly elevating to A-II felonies, on the books. Accordingly, judicial precedent in similar cases must control.
In People v Eboli (34 NY2d 281 [1974]), the Court of Appeals held, in a similar case involving coercion, which has a misdemeanor level that is identical to a higher degree felony level, that this overlap did not render the statute unconstitutional. The Court said that in such a case, where two criminal statutes punish identical conduct, the prosecutor has the discretion whether to charge the higher or lower degree. Thereafter, in People v Discala (45 NY2d 38 [1978]), the Court, construing the same statutes, was confronted with the question whether, even where the prosecutor initially charges the higher degree, the court is empowered to charge the lower degree as a concurrent inclusory count. In concluding that trial courts could, in an appropriate case, do so, the Court reasoned that
“it is an anomaly of our statutes that the language used to define the felony of coercion in the first degree (Penal Law, § 135.65) is virtually identical to that employed to describe the misdemeanor of coercion in the second degree (Penal Law, § 135.60). However, this is not as surprising or troublesome as it may at first appear since, in another context involving a constitutional challenge to the felony statute, this court elucidated the purpose behind *456 each of the two degrees of the crime (People v Eboli, 34 NY2d 281). Guided by commentaries and after examining other provisions of law, this court explained that: ‘under the related coercion statutes, it is likely that despite the verbal duplication in the lower degree, the drafters and the Legislature intended that the general rule be that coercion in the first degree, the felony, be charged whenever the method of coercion was to instill a fear of injury to a person or damage to property. Making the misdemeanor offense “all inclusive” is apparently a “safety-valve” feature included in the event an unusual factual situation should develop where the method of coercion is literally by threat of personal or property injury, but for some reason it lacks the heinous quality the Legislature associated with such threats’ (34 NY2d, at p 287)” (Discala, 45 NY2d at 41 [emphasis supplied]).
The Court of Appeals went on to conclude that the trial court had not erred in refusing to charge misdemeanor coercion as a concurrent inclusory count, because there was no reasonable view of the evidence to support the conclusion that the crime in the scenario in that case presented an “ ‘unusual factual situation’ ” where the crime “lack[ed] a heinous quality” {id. at 43).
The Practice Commentary to the predatory sexual assault statute cites to Eboli and Discala in concluding that
“[w]here the degrees of a crime overlap, the prosecutor has the discretion to charge the higher degree based on the prosecutor’s evaluation of the seriousness of the conduct, and, if the higher degree is charged, the trial court has similar discretion in determining whether to instruct the jury on the lesser included offense” (see Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 130.00 at 83 [citation omitted]).
The Fourth Department appears to agree. In People v Lawrence (81 AD3d 1326 [4th Dept 2011]) the Court rejected a defendant’s contention that the predatory sexual assault against a child statute was unconstitutional under Apprendi v New Jersey (530 US 466 [2000]) because its elements overlapped other, lesser, criminal statutes. In doing so, the Fourth Department cited to both Eboli and Discala, concluding that
“[t]he fact that ‘under certain circumstances the crimes of rape in the first degree and [predatory *457 sexual assault against a child] may be identical . . . does not . . . amount to a denial of equal protection’ or due process. It is apparent that the Legislature intended the more serious offense of predatory sexual assault against a child to be charged where the rape occurs to a child less than 13 years old and the defendant is at least 18 years old. Moreover, ‘the discretion to decide what is an “exceptional” case warranting prosecution for the lower degree! ] is entrusted to the prosecutor’.... “Where, as here, the statutes contain identical language, it is for the court to determine whether to charge the lesser offense based on a reasonable view of the evidence, but such a charge ‘should be reserved for the “unusual factual situation!,” which is] not presented by the evidence here’ ” (Lawrence, 81 AD3d at 1326-1327 [citations omitted]; see People v Collins, 85 AD3d 1678 [4th Dept 2011]).
The Third Department has also explicitly held that the B felony sex crimes encompassed by the predatory sexual assault against a child statute are lesser included offenses, “since it would be impossible for defendant to have committed the latter crime without concomitantly committing, by the very same conduct, the former crime” (People v Alford, 65 AD3d 1392, 1394 [3d Dept 2009]).
In this case, this court concluded that there was a reasonable view of the evidence under which this case presented an “unusual factual situation” where the crime might be viewed as “lack[ing] the heinous quality’ of most predatory sexual assaults, and so it was appropriate to charge criminal sexual act in the first degree as a lesser inclusory concurrent count. The factors the court considered included the relatively young age of the defendant (perhaps as much as only a few weeks past his 18th birthday) and the age of the victim (just under 13), and the relatively minor contact that the jury could have, based upon the evidence, believed occurred. This is not to downplay the seriousness of the offense — it is simply to say that there was a reasonable view of the evidence to support a conclusion that conviction of the B felony, rather than the A-II felony, would have been appropriate.
Turning now to defendant’s specific contentions, the court disagrees that the conviction was not supported by sufficient evidence of “egregious” conduct to warrant conviction on the *458 higher predatory sexual assault charge, as opposed to the lesser inclusory count of criminal sexual act. As set forth above, the offenses on their face have identical elements, so, ipso facto, if the evidence was sufficient to support conviction of the lower offense, it was sufficient to support the conviction of the higher. Even if the court were to assume, arguendo, that there is some additional element to the predatory sexual assault charge, it would not be that the conduct at issue must be particularly “egregious” to support conviction of the higher charge. On the contrary, it would be, as the Fourth Department has said in adopting the Discala reasoning, that the case must present an “unusual factual situation” where the crime “lack[ed] a heinous quality.” While this court concluded that there was a reasonable view of the evidence to support such a finding, the court can not conclude that the evidence necessarily presented such an unusual factual situation.
Neither is the court empowered to dismiss the predatory sexual assault charge based upon defendant’s contention that the prosecutor overcharged the matter. As the Court of Appeals made clear in Eboli, “the discretion to decide what is an ‘exceptional’ case warranting prosecution for the lower degree ... is entrusted to the prosecutor” (Eboli, 34 NY2d at 288). Where, as here, the court concludes that, despite the prosecutor’s initial charging decision, the evidence reasonably supports the conclusion that the case is, in fact, “exceptional,” the remedy is not to dismiss the higher charge but, rather, as the court did in this case, submit the lesser charge as well.
Finally, defendant contends that the court did not provide a meaningful response to the jury’s request for “clarification” of the predatory sexual assault and the lesser charge of criminal sexual act. This is a difficult issue. However, the court can not conclude that there was any error based upon the ground raised by defendant. Defendant contends that the court should have responded by charging the jury that he could be convicted of predatory sexual assault against a child only if they found that he “had committed ‘egregious acts of sexual assault’ ” (supporting affirmation of Marcea Clark Tetamore ¶ 12). Even assuming, arguendo, that this contention was properly preserved by defense counsel’s earlier argument in the charge conference (see generally People v Finch, 23 NY3d 408, 413 [2014] [“a lawyer is not required, in order to preserve a point, to repeat an argument that the court has definitively rejected”]), such a charge would not have been appropriate. As set forth above, if *459 anything, almost the opposite charge would have had to have been given — that the jury could find defendant guilty of only the lesser charge only if it found that this was an “unusual case” not warranting conviction of the higher offense. Such a charge was never requested by counsel, and so the court was simply left to charge, in the main, the elements of the offenses once again.
The court notes that it could find no guidance whatsoever from any appellate decisions on how to charge the lesser inclusory concurrent count in a case, such as this, where the court deems it appropriate to do so. The elements are identical, so there is no way, based upon a strict reading of the statutes, that the jury could ever convict of the lesser crime without convicting on the greater crime as well. It would seem then that, in reality, charging both crimes is simply inviting the jury to engage in nullification, which the court is not permitted to sanction. “While there is nothing to prevent a petit jury from acquitting although finding that the prosecution has proven its case, this so-called ‘mercy-dispensing power’ ... is not a legally sanctioned function of the jury and should not be encouraged by the court” (People v Goetz, 73 NY2d 751, 753 [1988]). On the assumption that defendant will raise this issue again on appeal, the court entreats the Appellate Division to provide some guidance as to how to proceed in a situation, such as this, where the trial court has determined that it is appropriate to charge criminal sexual act in the first degree as an inclusory concurrent count of predatory sexual assault against a child.
The court has reviewed defendant’s remaining contentions, and concludes that they are without merit. The determination to prosecute defendant for predatory sexual assault against a child can not be deemed an abuse of discretion, or otherwise to have violated defendant’s constitutional rights (see generally Eboli, 34 NY2d at 288).
Accordingly, defendant’s motion pursuant to CPL 330.30 is denied.