People v Getman (2021 NY Slip Op 06224)





People v Getman


2021 NY Slip Op 06224


Decided on November 12, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, CURRAN, AND DEJOSEPH, JJ.


695 KA 19-00832

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DEREK GETMAN, DEFENDANT-APPELLANT. 






HAYDEN DADD, CONFLICT DEFENDER, GENESEO (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Livingston County Court (Dennis S. Cohen, J.), rendered April 4, 2019. The judgment convicted defendant, upon a jury verdict, of criminal sexual act in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and count one of indictment No. 2018-102 is dismissed, without prejudice to the People to re-present any appropriate charge with respect to such dismissed count to another grand jury.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal sexual act in the first degree (Penal Law § 130.50 [3]) as a lesser included offense of predatory sexual assault against a child (§ 130.96). We reject defendant's contention that the evidence is legally insufficient to support the conviction. Contrary to defendant's contention, there is a " 'valid line of reasoning and permissible inferences' that could lead a rational person to conclude beyond a reasonable doubt" (People v Robinson, 193 AD3d 1393, 1394 [4th Dept 2021], lv denied 37 NY3d 968 [2021], quoting People v Delamota, 18 NY3d 107, 113 [2011]) that defendant engaged in oral sexual conduct with the child victim (see Penal Law §§ 130.00 [2] [a]; 130.50). The victim, who was eight years old at the time of trial, testified that defendant touched her "pee pee" with his tongue, and that she knew that touching a "pee pee" was a "bad touch." Moreover, the victim's mother used the same euphemism to describe the victim's vaginal area. We conclude that the testimony of the victim and her mother is legally sufficient to establish that oral sexual conduct occurred (see People v Monroe, 134 AD3d 1138, 1139-1140 [3d Dept 2015]; see also People v Pereau, 45 AD3d 978, 981 [3d Dept 2007], lv denied 9 NY3d 1037 [2008]). Furthermore, viewing the evidence in light of the elements of criminal sexual act in the first degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We agree with defendant, however, that County Court erred in granting the People's request to charge criminal sexual act in the first degree as a lesser included offense of predatory sexual assault against a child. It is well established that "[a] party who seeks to have a lesser included crime charged to the jury must satisfy a two-pronged inquiry" (People v Rivera, 23 NY3d 112, 120 [2014]). "First, the crime must be a lesser included offense within the meaning of Criminal Procedure Law § 1.20 (37)" (id.). "Second, the party making the request for a charge-down 'must then show that there is a reasonable view of the evidence in the particular case that would support a finding that [the defendant] committed the lesser included offense but not the greater' " (id., quoting People v Glover, 57 NY2d 61, 63 [1982]). With respect to the first prong, CPL 1.20 (37) defines a lesser included offense as follows: "When it is impossible to commit a particular crime without concomitantly committing, by the same conduct, another offense of lesser grade or degree, the latter is, with respect to the former, a 'lesser included offense.' " That "determination requires the court to compare the statutes in the abstract, without [*2]reference to any factual particularities of the underlying prosecution" (People v Repanti, 24 NY3d 706, 710 [2015]; see People v Davis, 14 NY3d 20, 23 [2009]). Thus, the party seeking the charge-down is required to show that " 'in all circumstances, not only in those presented in the particular case, it is impossible to commit the greater crime without concomitantly, by the same conduct, committing the lesser offense' " (Repanti, 24 NY3d at 710, quoting Glover, 57 NY2d at 63). Nevertheless, the determination whether a particular offense is a lesser included offense "concerns only 'the subdivision which the particular act or omission referred to in the indictment brings into play' " (People v Scott, 61 AD3d 1348, 1350 [4th Dept 2009], lv denied 12 NY3d 920 [2009], reconsideration denied 13 NY3d 799 [2009], quoting People v Green, 56 NY2d 427, 431 [1982], rearg denied 57 NY2d 775 [1982]).
In this case, defendant was charged in count one of indictment No. 2018-102 (indictment) with the class A-II felony of predatory sexual assault against a child. Pursuant to Penal Law § 130.96, "[a] person is guilty of [that offense] when, being [18] years old or more, he or she commits the crime of rape in the first degree, criminal sexual act in the first degree, aggravated sexual abuse in the first degree, or course of sexual conduct against a child in the first degree, as defined in [Penal Law article 130], and the victim is less than [13] years old." Essentially, the crime of predatory sexual assault against a child elevates the four class B felonies enumerated in the statute to class A-II felonies if they are committed by someone who is at least 18 years old against someone who is less than 13 years old (see People v Fleming, 48 Misc 3d 451, 453-457 [Livingston County Ct 2015], affd 153 AD3d 1648 [4th Dept 2017], lv denied 30 NY3d 1104 [2018]).
As alleged in count one of the indictment, defendant committed predatory sexual assault against a child because, during a certain period of time, and while "being [18] years old or more, [he] engaged in two or more acts of sexual conduct, which included at least one act of sexual intercourse, oral sexual conduct, anal sexual conduct or aggravated sexual contact, with a female . . . , who was less than [13] years old." Thus, by its explicit language, the count of predatory sexual assault against a child was predicated on defendant's alleged commission of the class B felony of course of sexual conduct against a child in the first degree (see Penal Law § 130.75 [1] [b]) and, as a result, the People could not establish that the offense of criminal sexual act in the first degree, a different class B felony, was a lesser included offense of predatory sexual assault against a child within the meaning of CPL 1.20 (37). Stated another way, it is not impossible to commit predatory sexual assault against a child, as the offense was charged in the indictment in this case, without concomitantly, by the same conduct, committing criminal sexual act in the first degree. Indeed, as the offense was charged in the indictment here, a defendant could commit predatory sexual assault against a child by engaging in sexual intercourse or aggravated sexual contact with the victim (see Penal Law §§ 130.96, 130.75 [1] [b]), without concomitantly, by the same conduct, committing criminal sexual act in the first degree (see § 130.50 [3]). The People therefore failed to satisfy the impossibility test, and the court thus erred in granting the People's request to charge criminal sexual act in the first degree as a lesser included offense of predatory sexual assault against a child. Consequently, the judgment must be reversed, and count one of the indictment must be dismissed (see People v Nieves, 136 AD2d 250, 259, 262 [1st Dept 1988]). The dismissal of that count is without prejudice to the People to re-present any appropriate charge with respect thereto to another grand jury (see People v Gonzalez, 61 NY2d 633, 634-635 [1983]; People v Tillmon, 197 AD3d 956, 958 [4th Dept 2021]; People v Gardner, 144 AD3d 1546, 1547 [4th Dept 2016]).
In light of our determination, we need not address defendant's remaining contentions. We note, however, that it was unacceptable for the prosecutor to state, during his summation, that he was at a "significant advantage over" the jury because he had been working on the case for more than a year, possessed "an entire cart of evidence of questions [and] paperwork," and had "the opportunity to talk to the witnesses" and "review reports." By making those comments, the prosecutor improperly "injected the integrity of the District Attorney's office into the case" (People v Clark, 195 AD2d 988, 990 [4th Dept 1993]).
Entered: November 12, 2021
Ann Dillon Flynn
Clerk of the Court