■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN FINKELSTEIN, Appellant. [995 NYS2d 65]—

Judgment, Supreme Court, New York County (James Yates, J., at pretrial proceedings; Lewis Bart Stone, J., at jury trial and sentencing), rendered August 22, 2008, convicting defendant of two counts of coercion in the first degree, and sentencing him, as a second felony offender, to consecutive terms of $3^{1}/_{2}$ to 7 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The victim's testimony clearly established the elements of first-degree coercion. We reject defendant's argument to the contrary, which rests on minor portions of the victim's testimony taken out of context.

The court that presided over certain pretrial appearances properly exercised its discretion in revoking defendant's pro se status during portions of the proceedings on the ground that he had forfeited his right of self-representation by his conduct (*see People v McIntyre*, 36 NY2d 10, 18 [1974]). We further note that the colloquies at which defendant was denied pro se status did not involve any hearings, that defendant was permitted to represent himself throughout the trial, and that defendant has not established that he is entitled to the remedy of a new trial (*cf. People v Wardlaw*, 6 NY3d 556, 559-561 [2006]).

The trial court properly exercised its discretion in receiving evidence that established the victim's knowledge of defendant's coercion of a former girlfriend. This evidence was directly relevant as proof of coercion in the present case. Moreover, it was

"inextricably interwoven" (*People v Vails*, 43 NY2d 364, 368 [1977]) with the coercive conduct in this case because, as part of his campaign of intimidation, defendant explicitly informed the victim about the details of the prior case and urged her to obtain more information about it. We do not find that the scope of the challenged evidence was unduly prejudicial.

Given the unusual overlapping relationship between coercion in the first and second degrees (*see People v Discala*, 45 NY2d 38 [1978]; *People v Eboli*, 34 NY2d 281 [1974]; *People v Adams*, 50 AD3d 433 [1st Dept 2008], *lv denied* 10 NY3d 955 [2008]), and the facts presented, we find that defendant's claims that the indictment was duplicitous, that he was deprived of his constitutional right to a jury determination of all essential facts, and that the court should have submitted second-degree coercion to the jury are all unavailing.

The trial court properly exercised its discretion in precluding evidence offered by defendant that was irrelevant, collateral or cumulative, and the evidentiary rulings at issue did not deprive defendant of a fair trial or the right to present a defense (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]).

Consecutive sentences were lawfully imposed, because the two convictions were sufficiently separate and distinct (*see* Penal Law § 70.25 [2]), and we perceive no basis for reducing the sentences.

Defendant's remaining contentions, including his challenges to allegedly disparaging comments by the trial court, are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. Concur—Mazzarelli, J.P., Acosta, Saxe, Richter and Clark, JJ.