[68 NE3d 64, 45 NYS3d 339]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN FINKELSTEIN, Appellant.

Argued November 17, 2016; decided December 22, 2016

## POINTS OF COUNSEL

*Richard M. Greenberg, Office of the Appellate Defender*, New York City (*Sara Gurwitch* of counsel), for appellant.

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Dana Poole* and *Alan Gadlin* of counsel), for respondent.

**OPINION OF THE COURT**

PIGOTT, J.

Defendant was charged with, among other crimes, two counts of coercion in the first degree for threatening his former girlfriend (*see* Penal Law § 135.65 [1]). Specifically, he threat-

ened her physically and threatened to ruin her small business after she asked defendant to move out of her apartment. Defendant refused and used various threats to ensure that he could stay. The former girlfriend then reported his conduct to his parole officer, who had defendant arrested and incarcerated. Defendant continued to harass and threaten his former girlfriend from jail.

At trial, defendant requested that the jury be instructed on the crime of coercion in the second degree (Penal Law § 135.60) as a lesser included offense of coercion in the first degree. He argued that there was a reasonable view of the evidence that his acts lacked the heinous quality required under the greater offense of coercion in the first degree. Supreme Court denied the application, stating that a charge to the lesser included offense was not warranted. The jury convicted defendant of both counts of coercion in the first degree, and the Appellate Division unanimously affirmed (121 AD3d 615 [1st Dept 2014]). A Judge of this Court granted defendant leave to appeal (26 NY3d 967 [2015]), and we now affirm.

Defendant makes two primary arguments on appeal. First, he argues that the court—not the jury—made a factual determination regarding the seriousness (heinousness) of his threats when it declined to instruct the jury on the lesser included offense of coercion in the second degree, and that such a determination violated the rule set out in *Apprendi v New Jersey* (530 US 466, 490 [2000]). However, defendant never objected to his conviction or sentence on *Apprendi* grounds, rendering that issue unpreserved for our review (*see People v Kelly*, 16 NY3d 803, 804 [2011]).

Second, defendant argues that the trial court erred in declining to instruct the jury on the lesser included offense of coercion in the second degree because "there is a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater" (CPL 300.50 [1]). This Court long ago recognized that the crimes of coercion in the first and second degree "are identical when the coercion is committed by instilling a fear that a person will be physically injured or that property will be damaged" (*People v Eboli*, 34 NY2d 281, 285 [1974]). While the language of the statutes does not provide guidance on which crime is to be charged, we held in *Eboli* that the legislative history reveals an intention that the felony of "coercion in the first degree . . . be charged whenever the method of coercion was to

instill a fear of injury to a person or damage to property" (*id.* at 287). The legislature, by making the misdemeanor offense "all-inclusive," created a "safety-valve" feature "in the event an unusual factual situation should develop where the method of coercion is . . . by threat of personal or property injury, but for some reason . . . lacks the heinous quality the Legislature associated with such threats" (*id.* at 287).

We later explained that second-degree coercion should be charged as a lesser included offense only in the "unusual factual situation" in which the coercion by threat of personal or property injury lacks "the heinousness ordinarily associated with this manner of commission of the crime" (*People v Discala*, 45 NY2d 38, 43 [1978]). We thus left open the possibility that, based on the evidence presented in a given case, a trial court could submit second-degree coercion as a lesser included offense of coercion in the first degree if the "threatened physical injury is not truly fearsome" (*id.* at 42).

■ This case does not present one of those "unusual factual situations" warranting the lesser included charge (*id.* at 43). The People's evidence showed that defendant coerced his former girlfriend by threatening to drive away her clients, make it impossible for her to conduct business, hurt her physically, and even kill her. Such methods of coercion have the heinous quality contemplated by the first-degree statute, and therefore the second-degree charge was not warranted.

■ Finally, the trial court did not infringe defendant's constitutional right to represent himself by ruling that he forfeited his right to proceed pro se during pretrial proceedings. The court determined that defendant had abused his privileges of phone and law library access while incarcerated pending trial in such a way that jeopardized his ability to prepare for trial. Nevertheless, it subsequently allowed defendant to represent himself at trial (*see People v McIntyre*, 36 NY2d 10, 17 [1974] [a defendant may not invoke the right to defend pro se where he has "engaged in conduct which would prevent the fair and orderly exposition of the issues"]). Nor did the trial court abuse its discretion in precluding the testimony of certain witnesses at trial (*see generally People v Hudy*, 73 NY2d 40, 56 [1988]).

Accordingly, the order of the Appellate Division should be affirmed.

Rivera, J. (dissenting). I would reverse defendant's conviction because the court assumed the jury's fact-finding role and

mistakenly denied defendant's request for a lesser included offense charge. The majority's adherence to *People v Eboli* (34 NY2d 281 [1974]) and *People v Discala* (45 NY2d 38 [1978]) in support of the proposition that a judge, and not the jury, determines whether defendant's conduct was not of a "heinous quality" perpetuates an error in our law. Therefore, I dissent.

At the close of defendant's trial on felony charges of coercion in the first degree, defendant requested that the jury be instructed on the lesser included offense of misdemeanor coercion in the second degree. He further requested that the jury be instructed that the People must prove beyond a reasonable doubt "heinousness" as an element of first-degree coercion. The court denied the requests, concluding that the facts did not present an "extraordinary case" supporting the lesser charge, and that it was impossible to charge both counts in accordance with applicable case law. On the latter point, the court stated the charge could not be given:

> "because of the impossibilities of following the remainder of the requirements set forth by the Court of Appeals and the Appellate Division First Department that it is improper to give a lesser included charge unless the Court tells the jury that they must first acquit on the higher charge before they can consider the lesser included charge.

> "And under the circumstances of this case, inasmuch as the same elements must be found beyond a reasonable doubt for conviction of both charges; it is a logical impossibility for that to occur in this case."

The jury returned guilty verdicts on both counts of coercion in the first degree. The Appellate Division affirmed, concluding that the trial court did not err in withholding the instruction on the lesser included offense because of the "unusual overlapping relationship between coercion in the first and second degrees" (*People v Finkelstein*, 121 AD3d 615, 616 [2014], citing *Discala*, 45 NY2d at 38, and *Eboli*, 34 NY2d at 281). The Appellate Division further held that defendant's constitutional right to a jury determination on all essential facts was not violated when the trial court refused to instruct the jury on "heinousness" as an element of first-degree coercion (*id.*).

A defendant is guilty of misdemeanor coercion in the second degree when the defendant

"compels . . . a person to engage in conduct which the latter has a legal right to abstain from engaging in, or to abstain from engaging in conduct in which [the person] has a legal right to engage . . . by means of instilling in [the person] a fear that, if the demand is not complied with, the actor or another will" take any of several enumerated actions, including to cause "physical injury to a person" or "damage to property" (Penal Law § 135.60 [1], [2]).

A defendant is guilty of the greater offense of felony coercion in the first degree if the defendant commits coercion in the second degree by either of these two methods (Penal Law § 135.65).

Despite the apparent constitutional infirmity presented by this identity of language,[1] in *People v Eboli* (34 NY2d 281, 287 [1974]), this Court upheld a due process and equal protection challenge to felony first-degree coercion by reading into the statute a requirement that a defendant's conduct be heinous. Notwithstanding the lack of any "indication as to when the felony prosecution is more appropriate than the misdemeanor prosecution," the Court concluded that coercion by threat to person or property "was intended to be prosecuted as a felony" (*id.* at 285-286). The Court explained "that despite the verbal duplication in the lower degree," the misdemeanor offense "is apparently a 'safety valve' feature included in the event an unusual *factual* situation should develop where the method of coercion is literally by threat of personal or property injury, but for some reason it lacks the *heinous quality* the Legislature associated with such threats" (*id.* at 287 [emphasis added]). The Court also held that the prosecutor has discretion to decide "what is an exceptional case warranting prosecution for the lower degree" (*id.* at 288 [internal quotation marks omitted]).

A few years later, in *People v Discala* (45 NY2d 38, 42-44 [1978]), the Court considered whether the misdemeanor crime should be charged as a lesser included offense, given the "anomaly of our statutes" that define the two crimes with "virtually identical" language (*id.* at 41). The Court held "the misdemeanor of coercion is a lesser included offense of felony coercion and should be charged, if requested, 'if there is a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not

---

1. Defendant has not challenged the constitutionality of these statutes.

commit the greater' " (*id.* at 41, quoting CPL 300.50 [1]). In so holding the Court recognized that, as previously suggested in *Eboli*, "the misdemeanor [charge] . . . was reserved for an 'unusual *factual* situation' " (*id.* at 42 [emphasis added]).

Thus, the Court in *Eboli* and *Discala* has made clear that heinousness is an implied element of felony first-degree coercion, and the distinction between the two crimes is grounded in a factual determination of whether a defendant's conduct is or is not heinous, which the Court has interpreted to mean the "threatened . . . injury is not truly fearsome" (*Discala*, 45 NY2d at 42). On this appeal, the defendant contends it is within the province of the jury to determine whether defendant's conduct was not heinous and should have been charged accordingly, and the judge erred by failing to charge the lesser included offense of second-degree coercion.

Defendant argues that factual determinations that result in a potential increase in punishment—here greater punishment for a felony versus a misdemeanor—are matters for the jury as the finder of fact. Defendant relies on a line of United States Supreme Court cases that require any facts that enhance a defendant's sentence to be submitted to the jury (*see Apprendi v New Jersey*, 530 US 466, 490-492 [2000] [holding that a defendant's bias was a fact that must be both proved beyond a reasonable doubt and found by the jury when that bias is used to enhance punishment under a hate crime statute]; *see also Ring v Arizona*, 536 US 584, 589 [2002] [ruling that a trial court could not sentence a defendant to death when the jury did not consider the aggravating circumstances for that punishment to be imposed]; *Alleyne v United States*, 570 US —, —, 133 S Ct 2151, 2162 [2013] [holding that a trial court violated defendant's constitutional rights by considering facts when sentencing the defendant, when those facts were not found by the jury]).

Although these cases arise in the sentencing context, the general principle that factual matters are decided by the jury applies here as well. This Court has long held that factual determinations about the elements of a crime are the province of the jury, not the judge (*People v Inoa*, 25 NY3d 466, 472-473 [2015] ["It is, of course, the role of the jury to determine the facts of the case tried before it"]; *People v Dioguardi*, 8 NY2d 260, 274 [1960] ["It is the province of the jury, under clear and complete instructions from the court, to consider and weigh the facts, and to determine the defendants' guilt or innocence of

the crime charged"]; *Justice v Lang*, 52 NY 323, 328 [1873] [explaining that the finding of facts from the proof is "within the exclusive province of the jury"]).

Here, for defendant to be guilty of coercion in the first degree the People had to establish beyond a reasonable doubt that he committed acts constituting coercion in the second degree, namely that he induced the victim to engage in conduct or abstain from engaging in conduct, by means of instilling in her a fear that if the demand was not complied with defendant would cause physical injury or property damage. The jury had to conclude that defendant's actions were "heinous"—meaning fearsome. Further, because under *Eboli* and *Discala* it is theoretically possible for defendant to be guilty of the lesser crime if his actions were not heinous, the jury should have been instructed on this factual distinction. *Discala*'s holding that the judge must first consider whether there is a reasonable view of the evidence to support the lesser included offense charge essentially requires that the judge first determine the inverse, namely whether defendant's actions were of a "heinous quality." However, the affirmative determination that a defendant's actions constitute felony first-degree coercion is for the jury because heinousness is an implied element of the crime.

Rather than let the jury decide whether defendant's conduct was not heinous, the judge determined that this was "not an extraordinary case" warranting the lesser included charge. He based his conclusion on his assessment that it would be impossible to charge the lesser included offense without telling the jury to acquit on the felony charges before considering the lesser crime. The judge explained: "as the same elements must be found beyond a reasonable doubt for conviction of both charges; it is a logical impossibility for that to occur in this case." However, since this Court has rationalized the tension in our case law and the anomalous nature of the statutes by reading into the statutes a fact-based difference between the two crimes, it was incumbent upon the judge to submit the misdemeanor and felony charges to the jury and to explain that the misdemeanor is appropriate if the defendant's conduct is not heinous.[2] Accordingly, it was reversible error for the court to deny an instruction on the required factual element of heinousness, and to refuse a misdemeanor second-degree coercion charge.

---

2. For instance, one model jury instruction attempts to explain the factual distinction and recommends the following charge:

*(n. cont'd)*

Chief Judge DiFiore and Judges Abdus-Salaam, Stein, Fahey and Garcia concur; Judge Rivera dissents in an opinion.

Order affirmed.

"[T]he basic requirements for proof of the offense [of coercion] are the same in both the first and second degrees; and, before you can find either, you must find the same underlying facts. . . .

"Coercion in the second degree arises when there is an unusual factual situation where the method of coercion is literally by threat of personal or property injury, but for some reason it lacks the heinous quality of coercion in the first degree. The word 'heinous' means 'extremely wicked' or 'shockingly evil.' In the usual case involving a threat to cause property damage, such threats should be viewed by the jury as being heinous. It is only in the unusual or rare case that such threats do not rise to the degree or level of being heinous" (1 Howard Leventhal, Charges to Jury and Requests to Charge in a Criminal Case in New York § 18:15 [Oct. 2016 Update]).