People v Lopez (2021 NY Slip Op 06865)





People v Lopez


2021 NY Slip Op 06865


Decided on December 8, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
WILLIAM G. FORD, JJ.


2018-10119
 (Ind. No. 827/17)

[*1]The People of the State of New York, respondent,
v
Juan F. Lopez, appellant.


Mark Diamond, New York, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Alfred J. Croce of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Fernando Camacho, J.), rendered July 31, 2018, convicting him of attempted coercion in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Following a jury trial, the defendant was convicted of attempted coercion in the first degree upon evidence that he attempted to compel the complainant to join a gang by threat of physical violence. At sentencing, an order of protection was entered in favor of the complainant.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of attempted coercion in the first degree beyond a reasonable doubt (see Penal Law §§ 110.00, 135.65[1]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, the County Court properly denied his request to charge the jury on the lesser included offense of attempted coercion in the second degree (see Penal Law § 110.00; former Penal Law § 135.60 [subsequent to the defendant's conviction, the Legislature decreased the degree of the crime to the third degree (see L 2018, ch 55, part NN, § 1)]). The defendant failed to show that there was a reasonable view of the evidence that would support a finding that he committed the lesser included offense but not the greater (see People v Finkelstein, 28 NY3d 345, 349; People v Anatriello, 161 AD3d 1383, 1387).
The defendant contends that the County Court failed to articulate on the record its reasons for issuing the order of protection as required by CPL 530.13(4). The defendant's contention [*2]is unpreserved for appellate review, as he failed to raise this issue at sentencing (see CPL 470.05[2]; People v Nieves, 2 NY3d 310, 316-317), and we decline to reach this issue in the exercise of our interest of justice jurisdiction (see CPL 470.15[6][a]).
The defendant's remaining contentions are without merit.
RIVERA, J.P., BRATHWAITE NELSON, IANNACCI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court